a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALI AMIRI,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-473-P |
| VERSUS | JUDGE DRELL |
| WILLIAM BARR, *ET AL.*,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Ali Amiri ("Amiri"). Amiri is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the Catahoula Correctional Center in Harrisonburg, Louisiana.

Because this Court lacks jurisdiction over Amiri's claim, the Petition (ECF Nos. 1, 5) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Amiri is a native and citizen of Iran, but claims he "has a lawful presence in the United States" because he has a valid F-1 non-immigrant visa. ECF. No. 1 at 5. Amiri states that he entered the United States in 2011 to participate in a doctoral program in physics at the University of Alabama. ECF No. 1 at 6. Amiri was dismissed from the program in 2017. ECF No. 1-2 at 57.

Because Amiri was no longer enrolled at the University of Alabama, an Immigration Judge found that Amiri was removable under the Immigration and

Nationality Act. ECF No. 1-2 at 53. Amiri was ordered removed on November 19, 2019. ECF No. 1-2 at 68. Amiri's appeal of his order of removal is pending with the Board of Immigration Appeals. ECF No. 5 at 5.

Amiri complains that his detention is unlawful because he has a "lawful presence" in the United States and his removal is based on "fabricated documents." ECF No. 5 at 5. Amiri claims he was denied due process with respect to his removal proceedings. *See id.* Thus, Amiri challenges the validity of his order of removal.

Amiri also seeks monetary damages for personal property that he alleges was confiscated by Respondents.

II. **Law and Analysis**

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctional Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Because Amiri challenges his detention based on the legality of his removal proceedings and resulting order of removal, the REAL ID Act divests this Court of jurisdiction over his Petition. Therefore, dismissal of Amiri's Petition without

prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. Nov. 30, 2009).

To the extent Amiri seeks damages for lost property, his claim cannot be raised in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *Muhammad v. Close*, 540 U.S. 749 (2004) (recognizing that damages are unavailable in habeas claims).

### III. Conclusion

Because this Court lacks jurisdiction over Amiri's claims, IT IS RECOMMENDED that the Petition (ECF Nos. 1,5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

     THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of May 2020.

                                                _____
                                                JOSEPH H.L. PEREZ-MONTES
                                                UNITED STATES MAGISTRATE JUDGE