UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ALI AMIRI #A201142617** | **CASE NO. 1:20-CV-00473 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **WILLIAM BARR ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein (ECF No. 6) and after a de novo review of the record including the objections filed by the Petitioner (ECF No. 8), and having determined that the findings and recommendation are correct under applicable law; it is hereby

ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

In so ruling, the court notes that Mr. Amiri's reliance on cases in which the jurisdictional issue was resolved under 18 U.S.C. §1331, pertaining to federal question jurisdiction. Mr. Amiri's present case involves a matter of immigration law and, thus, by its very nature indicates a federal question. However, this court's authority to hear cases involving federal questions of law does not eclipse all other jurisdictional requirements. Therefore, the findings of the Magistrate Judge remain correct.

Additionally, the court finds no support in the record for Mr. Amiri's continued insistence that official documents were fabricated in this case. In light of the absence of proof of this claim, we do not find that its naked assertion serves to undermine the reasoning of the Magistrate Judge.

Moreover, we concur with the finding of the Magistrate Judge that Mr. Amiri's visa was terminated on September 3, 2017, the effective date of his dismissal from the University of

Alabama. As recounted by the Oral Decision of the Immigration Judge (Doc. 1-2, pp. 66-67), his dismissal from the university on that effective date resulted in the termination of his student visa, given that he was no longer a student. Given the record evidence demonstrating the lawful termination of Mr. Amiri's student visa, we find his continued arguments that his immigration status is misrepresented by the government in these proceedings to be without merit.

Finally, Mr. Amiri contests the lawful nature of his current detention status. We note that this status falls outside the scope of petitioner's §2241 habeas petition and arises from the issuance of a deportation order.

THUS DONE AND SIGNED at Alexandria, Louisiana this 5 day of June, 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT